# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

LEONCIO PEREZ,                          )
                                        )
                    Petitioner,         )
        vs.                             )              2:10-cv-212-JMS-TAB
                                        )
CHARLES LOCKETT,                        )
                                        )
                    Respondent.         )


## Entry Discussing Petition for Writ of Habeas Corpus

Leoncio Perez is confined in this District serving the mandatory life sentence imposed by the United States District Court for the Southern District of Florida. Claiming that his sentence was improperly enhanced pursuant to 18 U.S.C. § 841(b)(1)(A), Perez filed the present action seeking relief pursuant to 28 U.S.C. § 2241.

Whereupon the court, having considered the pleadings and the expanded record, and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1.      Perez is in federal custody. A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2241(c)(3) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@

2.      A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

3.      A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

4.      Perez's conviction was affirmed in *United States v. Perez,* No. 95-4623 (11th Cir. 1996). He then filed a motion for relief pursuant to § 28 U.S.C. § 2255. The § 2255 action was docked in the trial court as No. 00-2088-Civ-Moreno and that motion was denied by the trial court on January 31, 2001. His specific claim in this action is that he is innocent of the sentence enhancement because one of the qualifying offenses for that enhancement was a Florida state drug conviction for which he had received a term of probation and for which he was never incarcerated.

5.      The parties disagree as to whether Perez's claim can be maintained here. He did not present the claims in his § 2255 motion, but certainly could have. His reliance on *Burgess v. United States,* 553 U.S. 124 (2008), is unpersuasive.

6.      Regardless of how the § 28 U.S.C. § 2255(e) question is resolved, moreover, Perez cannot prevail here "because a drug offense need only be punishable by imprisonment for more than one year to qualify as a felony, 21 U.S.C. § 802(44), and a sentence of probation does not affect that classification." *U.S. v. Stokes,* 351 Fed.Appx. 115, 116, 2009 WL 3683790, *1 (7th Cir. 2009)(some internal citations omitted); *U.S. v. Graham,* 315 F.3d 777, 783 (7th 2003)("Thus, the fact that Graham received probation that was later discharged does not alter the fact that he possesses a prior drug-related felony conviction qualifying him for the enhancement under § 841(b)(1)(B).").

7.      There is no constitutional infirmity in Perez's enhanced sentence and there is no remedy available to him via 28 U.S.C. § 2241(c)(3) with respect to it. His petition for writ of habeas corpus is denied.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ___11/28/2011___

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana